# UNITED STATES DISTRICT COURT

for the

Northern District of Iowa

_____ Division

| | |
|---|---|
| LEVON JONES JR | Case No. __25-cv-209-CJW-MAR__ |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☑ Yes ☐ No |
| **-v-** | |
| PMX INDUSTRIES INC. | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LEVON JONES JR |
| Street Address | 1610 PARK TOWNE LN NE APT. #11 |
| City and County | CEDAR RAPIDS |
| State and Zip Code | IOWA 52402 |
| Telephone Number | (510) 846-3190 |
| E-mail Address | Lavoj26@yahoo.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

Name PMX INDUSTRIES INC.

Job or Title *(if known)*

Street Address 5300 WILLOW CREEK DR. SW

City and County CEDAR RAPIDS

State and Zip Code IOWA, 52404

Telephone Number (319) 368-7700

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

TITLE V11 OF THE CIVIL RIGHTS ACT OF 1964

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____ , is a citizen of the
   State of *(name)* _____ .

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated
   under the laws of the State of *(name)* _____ ,
   and has its principal place of business in the State of *(name)* _____

   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of
   the State of *(name)* _____ . Or is a citizen of
   *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please refer  Statement of Claim attachment pg. 1-2

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please refer to attachment page 2 , last paragraph (Relief)

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           11/17/2025

Signature of Plaintiff

Printed Name of Plaintiff        LEVON JONES JR

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# LEVON JONES JR
# STATEMENT OF CLAIM

On August 28, 2023 Strom Engineering deployed Mr. Jones and 30-40 other subcontractors to PMX for a contract job assignment. They were all still on Strom's payroll. PMX didn't have adequate staffing, so the contractors were going to assist with their production. PMX was a union/company environment where the subcontractors were subjected to their employees exhibited disgruntle behavior, likely out of fear that the contractors might take their jobs. They would constantly go to PMX HR requesting intervention for their issues, and Mr. Jones had to put up with a lot absurd behavior.

Strom Engineering employees was on a guaranteed minimum 60 hours (12-hour shift) per week contract and was subject to forced in 6 to 7 days a week as needed. On December 23, 2024 Mr. Jones came into work without realizing he wasn't on the December 21 through 27 schedules for that week. He told his supervisors, Brandon and Tin, that was an honest mistake and that he wasn't trying to beat the system to get more hours. They instructed him to clock out, and Brandon said, "you won't get in trouble Tina would fix the paperwork to reflect it was a mistake.

In mid-April 2025 while Mr. Jones was parked sitting on a forklift having a conversation with supervisor Tina, a PMX employee rear ended Mr. Jones hard with a forklift. Tina stood there speechless and then walked away saying nothing. Mr. Jones asked a nearby coworker if he saw what happened? Afterwards, Tina came up asking him, anxiously, if he had mentioned the incident to anyone? He said he had, and Tina said the PMX employee would have to be fired now that he mentioned it to one employee. Tina said this to other coworkers too, and they mentioned that to Mr. Jones later.

On April 27th Mr. Jones was driving a forklift when the brakes went out. He struggled to get it to stop, and he eventually crashed into a yellow painted bump barrier away from other employees. He was shaken up due to the crash. He immediately notified Tina over the radio. Supervisor Brandon was the first to respond, and he handled the situation with compassion asking if Mr. Jones was, okay? As Mr. Jones explained what happened, Tina rushed in yelling, "WHY DID YOU WAIT 15 MINUTES TO CONTACT ME!?" She claimed to heard a noise 15 minutes before Mr. Jones's radio call while she was in the upstairs office, and she assumed that it was caused by Mr. Jones even though it wasn't. During the investigation, Mr. Jones disclosed how the night before, the forklift slid slightly for a moment when he tried to brake. He had assumed he hit an oil slick, and the brakes worked fine the rest of the night.

On May 2, Tina pressured Mr. Jones to sign and incident report for the April 27 brake failure. It included how Mr. Jones had forgotten to fill out the inspection sheet prior to using the lift, but,

many other employees had made that same mistake during those weeks. In the supervisor's statement section, she commented that Mr. Jones said he had issues with brakes the previous night. That wasn't what he said, so he asked to make a rebuttal statement. Tina raised her voice saying he couldn't add anything to the report, and when he told her that he couldn't sign the report with the inaccurate information, she got agitated and said he had to because those were his exact words. Mr. Jones felt bullied and harassed by this interaction, so he signed the report to get Tina to leave him alone. She refused to give him a copy of the report. Mr. Jones never saw her be that disrespectful to PMX employees, and that might be tied to a previous comment she made about Strom contractors not having rights at PMX.

On May 4, Mr. Jons sent an email to Strom higher ups as well as PMX HR to make a report for the record regarding Tina. He didn't file it as a grievance or a request for intervention. On May 18, Mr. Jones had to call in sick. The following day, the Strom site manager, Jemarcus, said that PMX had pulled him from the contract for exceeding the 17-point attendance policy for the year by having 18 points. They implemented that point system due to some contractors abusing the system of calling out work too much. Additionally, no contractor had been removed from an assignment for having less that 18 points, and a few have been allowed to continue working even with 17 points. When Mr. jones asked for the dates on his record, he saw that he was given 3 points for his December 23 clock out because it hadn't been removed. He emailed PMX HR, senior director to remove 3-point discrepancy, but they were adamant that they weren't going to change their decision.

Mr. Jones filed charges with EEOC against PMX. On August 20, the EEOC quickly closed the charges out due to their overwhelming work load by pretexting no finding that resulted to dismissal and gave him a 90-day notice to file a lawsuit. On September 18, the IOCR sent a notification that they will delay taking action until EEOC has completed its processing. In the meantime, he was given the chance to request a RTS letter from them as well.

## SECTION IV RELIEF

Mr. Jones would like to be reimbursed for the remainder of the PMX contract, which is still ongoing. He would also like for PMX to be held accountable for implicating themselves in discrimination, retaliation, and wrongful termination that he experienced, as well as undue stress and the financial burden imposed upon him.

_LeVon Jones Jr._
Sign

_11/17/2025_
Date

# Order Requisition

**Return to work/school    (Order #: 1156035041)**

## Patient Demographics

| Patient Name | HAR | Legal | DOB | Phone | Address | Phone |
|---|---|---|---|---|---|---|
| Jones, Levon Jr. (98269879) | 445962 758 | Sex Male | 11/27/1 962 | Number 510-846-3190 | 1610 PARK TOWNE LN NE APT 11 CEDAR RAPIDS IA 52402-6473 | 510-846-3190 (Home) *Preferred* 510-846-3190 (Mobile) |

## Department

| Name | Address | Phone |
|---|---|---|
| CRS 3 Surgical Specialty Unit | 1026 A Ave NE Cedar Rapids IA 52406 | 319-369-7234 |

## Order Information

| Date | Department | Ordering/Authorizing |
|---|---|---|
| 11/5/2025 | CRS 3 Surgical Specialty Unit | Rawana, Christina D, MD |

## Order Providers

| Authorizing Provider | Encounter Provider |
|---|---|
| Rawana, Christina D, MD | None |

## Comments

Levon Jones was hospitalized from 11/3/25 to 11/5/25. He may return to work on 11/12/25 with light duty responsibilities, no heavy lifting greater than 10lbs until 11/19/25 as he needs to heal from a post op perspective as he had surgery for gallbladder resection.

## Decision Support Number

Clinical Decision Support Tool Used: NDSC
Appropriateness Score:
Decision Support Number:

## Provider Information

| Ordering User | Ordering Provider | Authorizing Provider |
|---|---|---|
| Rawana, Christina D, MD | Rawana, Christina D, MD | Rawana, Christina D, MD |
| Attending Provider(s) | Admitting Provider | PCP |
| Rawana, Christina D, MD | Ali, Mushtaq M, MD | Wenger, Gretchen M, DNP |

## Order Provider Info

| | | Phone | Pager | E-mail |
|---|---|---|---|---|
| Ordering User | Rawana, Christina D, MD | 309-672-5729 (Office Phone) | -- | -- |
| Authorizing Provider | Rawana, Christina D, MD | 309-672-5729 (Office Phone) | -- | -- |
| Attending Provider | Rawana, Christina D, MD | 309-672-5729 (Office Phone) | -- | -- |
| Pended By (on 11/04/2025 0710) | Fischer, Nicole Y, RN | 319-368-5970 (Office Phone) | -- | -- |
| Pended By (on 11/04/2025 1351) | Fischer, Nicole Y, RN | 319-368-5970 (Office Phone) | -- | -- |
| Pended By (on 11/05/2025 0829) | Rawana, Christina D, MD | 309-672-5729 (Office Phone) | -- | -- |
| Pended By (on 11/05/2025 0831) | Rawana, Christina D, MD | 309-672-5729 (Office Phone) | -- | -- |

**JONES JR, Levon (id #133075, dob: 11/27/1962)**

EASTERN IOWA HEALTH CENTER
1201 3rd Ave SE
CEDAR RAPIDS, IA 52403-4009
Phone: (319) 730-7300
Fax: (319) 730-7368

## Authorization of Work or School Absence

**Patient:** Jones Jr, Levon                                         **Date:** 11/14/2025
**DOB:** 11/27/1962
**Address:** 1610 Park Towne Ln NE/Apt 11
Cedar Rapids, IA 52402-6473

To whom it concerns:

Levon Jones Jr was seen at Eastern Iowa Health Center on 11/14/2025 and should be excused from work or school.

Sincerely,

Eastern Iowa Health Center
For questions or Concerns contact 319-730-7300

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Milwaukee Area Office**
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/21/2025

**To:** Mr. Levon Jones
1610 Park Towne Ln. NE Apt. 11
CEDAR RAPIDS, IA 52402
Charge No: 443-2025-03960

EEOC Representative and email:   REBECCA DAVIES
SENIOR INVESTIGATOR SUPPORT ASSISTANT
REBECCA.DAVIES@EEOC.GOV

## DISMISSAL

The EEOC is closing this charge because the facts alleged in the charge fail to state a claim under any of the laws enforced by EEOC.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 443-2025-03960

On behalf of the Commission,

Digitally Signed By:Amrith Aakre
08/21/2025

Amrith Aakre
District Director

Cc:
Brian Bedard
PMX Industries Inc.
5300 WILLOW CREEK DR SW
CEDAR RAPIDS, IA 52404

PMX Industry
5300 WILLOW CREEK DR SW
CEDAR RAPIDS, IA 52404


Please retain this Notice for your records.



**IOWA OFFICE OF CIVIL RIGHTS**

**STATE OF IOWA**

KIM REYNOLDS, GOVERNOR
CHRIS COURNOYER, LT. GOVERNOR

KRISTEN STIFFLER, EXECUTIVE DIRECTOR

09/18/2025

LEVON JONES
1610 PARK TOWNE LN NE
APT 11
CEDAR RAPIDS, IA 52402

RE: CP# 09-25-84342  EEOC# 443-2025-03960
LEVON JONES v PMX INC

LEVON JONES:

The Equal Employment Opportunity Commission (EEOC) forwarded the above captioned complaint for filing with our office as required by law. The complaint charges PMX INC with a violation of Iowa Code Chapter 216. A date-stamped copy is enclosed.

As your case was initially filed with the EEOC, any papers or documents that would aid in the investigation of your complaint should be forwarded to that agency. The Iowa Office of Civil Rights (IOCR) will delay taking any action on this matter until the EEOC has completed its processing. The IOCR may review the EEOC's findings to determine whether or not to investigate further. The contact information for the EEOC is as follows:

> U.S. Equal Employment Opportunity Commission
> Milwaukee District Office
> 310 West Wisconsin Avenue, Suite 500
> Milwaukee, Wisconsin 53203
> Phone: 1-800-669-4000
> Fax: 414-297-4133

You may request a letter granting you the right to sue in State District Court. Please read the enclosed information sheet regarding Right-to-Sue letters.

PLEASE NOTE: You are responsible for keeping all agencies notified of any changes of address or telephone numbers. Your failure to notify all agencies of changes may be considered as a failure to cooperate with the investigation and may result in the closure of your file by the agency and loss of your rights under the law.

Whenever contacting our office, please provide the CP# cited above.

> Sincerely,
> Iowa Office of Civil Rights

Enclosures: Complaint Form, RTS Information Sheet
CC: File

EEOC

Iowa Office of Civil Rights, 6200 Park Avenue, Suite 100, Des Moines, Iowa 50321-1270
515-281-4121 / 1-800-457-4416 / Fax 515-242-5840 / icrc@iowa.gov

Case 1:25-cv-00209-CJW-MAR    Document 1-1    Filed 11/20/25    Page 12 of 16



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Redacted by EEOC

### CHARGE OF DISCRIMINATION

For Official Use Only – Charge Number:

**443-2025-03960**

09-25-84342

EEOC Form 5A (August 2023)

| | |
|---|---|
| **Personal Information** | First Name: **Levon**  MI: **n/a**  Last Name: **Jones Jr**<br>Address: **1610 Park Towne Ln NE**  Apt.: **11**<br>City: **Cedar Rapid**  County: **Linn**  State: **Iowa**  Zip Code: **52402**<br>Phone: **5108463190** Home ☐ Work ☐ Cell ☐  Email: **lavoj26@yahoo.com** |
| **Who do you think discriminated against you?** | Employer ☐  Union ☐  Employment Agency ☐  Other Organization ☑<br>Organization Name: **PMX Inc.**<br>Address: **5300 Willow Creek Dr.**  Suite: _____<br>City: **Cedar Rapids**  State: **Iowa**  Zip Code: **52404**  Phone: **3193687700** |
| **Why you think you were discriminated against?** | Race ☐  Color ☐  Religion ☐  Sex ☐  National Origin ☐  Age ☐  Pregnancy ☐<br>Disability ☐  Genetic Information ☐  Retaliation ☑  Other ☑ (specify) asserting my rights |
| **What happened to you that you think was discriminatory?** | Date of most recent job action you think was discriminatory: **5/19/25**<br>Also describe briefly each job action you think was discriminatory and when it happened (estimate).<br><br>I worked for PMX company as a subcontractor. May 18, 2025 I called in sick. On May 19, 2025, they alleged I exceeded the 17 point attendance policy within a year and terminated my assignment. After attempting to rebuttal the issue to remove a 3 point discrepancy bringing the alleged points from 18 to a total of 15, the company remained adamant to reverse their decision. There was absolutely no other contractor employee removed from the assignment with attendance points under 17. A few was allowed to continue their assignment months afterwards with a record of 17 points. |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>Signature: **Levon Jones Jr**  Digitally signed by Levon Jones Jr Date: 2025.08.14 15:10:42 -05'00'  Date: **8/14/2025** |

Levon Jones, Jr.
1610 Park Towne Ln. NE Apt. 11
Cedar Rapids, Iowa 52402

August 11, 2025

To whom it may concern:
EEOC/Attorney(s)

**Ref: EEOC cs.# 443-2025-03960 & 444-2025-03082 - Discrimination/Retaliation**

On August 28, 2023 I was deployed out by Strom Engineering Inc., to join in with approximately 30 to 40 other contractors of theirs to PMX Company (located in Cedar Rapid, Iowa) to assist with their production, due to inadequate staffing of keeping local employees. This contract for PMX entails working a minimum of 60 hours, guaranteed, weekly (5-day 12-hour shifts) within a 7-day period, with a mandatory scheduled to work on your one or two days off as needed. PMX is a Union/Company type environment in constant dispute with bargain agreement issues. One of the Union main issues with PMX was bringing in contractors. Therefore, it was inevitable for a contractor to deal with disgruntle behaviors from their hourly workers feeling at threat that we were there to take their jobs.

On May 18, 2025 I called off work that night because I was feeling a little ill. May 19, 2025 approximately, 1253hr I received a phone call from Strom Engineering Site Manager, Jemarcus Livington, informing me I was removed off the contract because I had exceeded their 17-point attendance policy within a year. I request Jemarcus to send me the dates PMX/Strom has recorded on their files. Below is listed, the following dates PMX/Strom had on their records sent, via text, to me from Jemarcus phone: **(refer to exhibit A)**

> 10.11.2024 Called in
> 11.16.2024 Called in
> 12.23.2024 Left Early 7:59pm
> 01/19.2025 Left Early 3:49am
> 05.18.2025 Called in

I immediately, start to rebuttal their attendance records were inaccurate showing a total of 18 points when it should have been just at 15 points. All of Strom Engineering employees were given the opportunity to exceed the 17-point mark before being release. I've never known anyone being released before exceeding the attendance rule. On September 18, 2024 this new

Case 1:25-cv-00209-CJW-MAR    Document 1-1    Filed 11/20/25    Page 14 of 16

attendance policy **(refer to exhibit B)** was initiated to control the abusers that was taking too many days off. I was never one of those individuals. I could have survived not calling off or any late arrivals until September 18, 2025 where the dates on one's attendance record would have fell off additionally, until the duration of the contract ended. As of today, there have yet to be a tangible scheduled date which that contract will end as it has always changed. Because of the ongoing dramatic increase of people quitting and getting terminated during their 4-month probation period. Mr. Livingston, pretexted that it was their client, alone, who made this decision to release me solely on my attendance record. Also, after I followed up with an email **(refer to exhibit C)** to PMX HR., Senior Director Brian Bedard, & Senior HR., Kelly Fulton addressing the discrepancy they still remain adamant to reverse their decision.

> 10.11.2024 Called in (4 points)
> 11.16.2024 Called in (4 points)
> 12.23.2024 Left Early 7:59pm **(discrepancy date, refer to 12.21 thru 12.27.24 schedule to be off)**
> 01/19.2025 Left Early @ 3:49am (3points)
> 05.18.2025 Called in (4 points)

Mr. Livingston always consult with Gary Greensburg, Strom's National Director of Safety and Compliance, to mediate with their client if there's any deviating from their contract agreement that will adversely affect any of Strom's employees. Neither, parties had my best in interest to adhere to their attendance policy agreed upon like they have done for all other contractors; therefore, I was discriminated and wrongfully terminate. Additionally, it took Jemarcus at least several days to respond to my follow up calls and text inquiring the status of both Strom and PMX decision.

**During this agonizing wait period, it induced extreme stress, disrupting my sleep patterns causing insomnia and contribute to high blood pressure!**

When he did finally decide to reach out to me only to say, "Contact Strom Engineering and place yourself on their availability list for another assignment." Days later after being released I was told by a couple of individuals, who's still employed at PMX that they heard I was a threat to jeopardizing Strom's contract. Because when there's a major issue between another employee and myself, I would address my concerns, via email, to Strom and one of PMX HR., personnels. At that moment I realize my attendance was a scapegoat as a means to end my employment contract because someone was bias to the way I was asserting my constitutional rights. On August 8, 2025 I followed up, via email, on the false accusation in hope to get some kind of clarity. **(refer to attachment exhibit D).** Also, to question why no one from Strom Engineering Recruit Department was reaching out to me for job assignments? After repeatedly calling and

Case 1:25-cv-00209-CJW-MAR    Document 1-1    Filed 11/20/25    Page 15 of 16

sending weekly emails, text and phone calls to Strom's recruiters advising of my availability to work and absolutely no respond I thought I was put on their DNR.

**Again, this overwhelmed me, emotionally, having to go through all this after I spent 1 year and 9 months away from my original home contributing to helping Strom maintain their contract and it resulted to being wrongfully terminated off my assignment!**

Also, the way Strom handled my release off this assignment, given me only two options how I would travel back to my original home: 1) asked if I was going to furnish my own flight ticket. 2) If I needed them to be accommodated with a bus travel ticket Strom will provide for me? These are typically the options given to a contract employee who was at fault for being dismissed off their assignment. Otherwise upon a contractor successfully completing his or her assignment Strom would book a flight on their expense ensuring that employee will get home. At the time I had already made a prior decision to relocate here in Cedar Rapids, Iowa.

**This was extremely emotional knowing I was going through further mistreat violating my constitutional rights after I diligently contributed to a team players' role in my work ethics, for both, Strom and PMX company!**

What is really damaging, now that I'm compelled to seek other employment from other employers upon their request to get a performance review from Strom it has been communicated that my attendance was the issue for being released. **(refer to exhibit E)** This is tarnishing my profile to gain employment when Strom Engineer is fully aware of the attendance discrepancy and they fail to engage in defending my rights to remain on that contract.

**This is obstructing my ability to gain employment that's creating additional financial burden to fully support my family!**

I am one against many, and the only thing that stands between me and them is the bias perception of the way I asserted my constitutional rights requesting for proper **(refer to exhibit F)** intervention when occasionally a major issue at work arise that was out of my control to resolve.

Under penalties and perjury, the information contained in this compliant is true to the best of my knowledge!

Levon Jones, Jr.
(510) 846-3190